# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**SHY LAMONT HEATH**                                                             **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 3:14CV-254-H**

**MARK CHANDLER** *et al*.                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Shy Lamont Heath, proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Subsequently, he filed a memorandum of law in support of his § 1983 complaint (DN 6). The Court construes the memorandum of law as a motion to amend the complaint. Construed as such, the motion to amend (DN 6) is **GRANTED**. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this action will be dismissed.

## I. SUMMARY OF CLAIMS

In his original complaint, Plaintiff named three Defendants. In the amended complaint he added 21 additional Defendants. The named Defendants are as follows: (1) Mark Chandler, an attorney who represented Plaintiff in some criminal matters in state court; (2) Sara Collins Glowgower, an Assistant Commonwealth Attorney; (3) Felicia Nu'Man, an Assistant Commonwealth Attorney; (4) Robert White, former Chief of Police; (5) Sergeant "Brain" Nunn; (6) Detective William Brown; (7) Detective David Haight; (8) Detective James Kaufling; (9) Detective Christopher David; (10) Detective Dominique Fearon; (11) Detective Darrin Balthrop; (12) Detective Carl Payne; (13) Detective Michelle Klein; (14) Detective Ed Louden;

(15-16) Two Unknown Louisville Metro Detectives; and (17-24) Eight Unknown Members of Swat Team.  Plaintiff sues Defendants in both their individual and official capacities.  As relief, he seeks monetary damages, punitive damages, "and any and all other such relief as this court deems just and proper."

The factual allegations set forth by Plaintiff are difficult to follow.  However, it is clear that the events about which he complains arose out of Plaintiff's arrest on state charges and his subsequent guilty plea.  The first criminal case to which Plaintiff refers is Jefferson Circuit Court case number 05CR3716.  As to this case, Plaintiff states that Defendant Brown, the lead detective, along with two "unknown Detective of the Louisville Metro Police Department used a discredited identification procedure to arrest Plaintiff . . . ."  According to Plaintiff, these Defendants showed "a know[n] creek gun range employee, Clearence Ray one photo and ask[ed] how long has he been coming here."  Plaintiff contends that the detectives should have "presented the witness with several different people and ask[ed] the witness to pick the suspect from the photographs this is a pattern."  Plaintiff states that Defendant Brown "testified that he went to knob creek range on the 18 or 19 August 2005 and question Clearence Ray. [Defendant Brown] testified that he was the affiant of the search warrant.  Also testified that he showed Clearence Ray two photo's."  Plaintiff asserts that Defendant Brown's testimony differed from Clearence Ray's and the two Unknown Louisville Metro Detectives.  According to Plaintiff, the Unknown Louisville Metro Detectives "neglected to tell the truth" and Defendant Brown "lied in reckless disregard for the truth and committed perjury . . . [a]nd used discredited identification procedure to arrest Plaintiff two cases."

Plaintiff states that around July 2006, some anonymous complaints were made to the Louisville Metro Police Department [LMPD] tip line and some calls were made to "MetroSafe 911" regarding the sale of "crack." One of the tips, dated July 15, 2006, described a "B/M light skin and crippled using a wheelchair selling crack from listed address . . . ." According to Plaintiff, Defendant Brown "is the person who provided information to the Anonymous Complaints in order to create probable cause for the search warrant on July 26, 2006." Plaintiff states that on July 26, 2006, "[a] search warrant was executed by the Eight Unknown Member of SWAT Team and LMPD Flex Platoon Special Weapons and Tactics Unit" at the Plaintiff's home. Plaintiff states that his mother, Ms. Swearingen, was in a bedroom behind a locked door asleep at the time. He states that Ms. Swearingen was "disoriented by the effects of the grenades being thrown into the living room as well as in the kitchen" and "did not respond quickly enough to the demands of the SWAT officers," so they used a "battering ram to beat open her door." After handcuffing Ms. Swearingen, Plaintiff states that the SWAT Team approached him "with military assault weapons pointed at [him] and handcuffed him." Plaintiff states that "[a]s demonstrated in the warrant, Plaintiff is handicapped and is described in the warrant as having two false legs at the Knee."

Plaintiff also refers to two other criminal cases, Jefferson Circuit Court case number 06CR3366 and case number 07CR3324. Plaintiff states that "[t]he Eight Anonymous Complaints was available Oct 1, 2008 and Nov. 14, 2008 for suppression hearing in case no. 06CR3366 also the MetroSafe 911 CD was available Oct 7, 2008 and Nov 14, 2008 case no. 07CR3324 . . . and could have been used to impeach [Defendant Brown] at the suppression hearing on 11/14/2008 case no. 06CR3366." Further, Plaintiff states, "On 8/7/07 the MetroSafe

911 caller Lead Detective William Brown told the 911 Operator he called the same information to the Tip Line." Plaintiff contends that at some unspecified time, Defendants Chandler, Nu'Man, Nunn, and Brown had a "conversation about a plea agreement." Plaintiff states that according to the agreement, he was to plead guilty to case number. 06CR3366 and the indictment in case number 07CR3324 would be dismissed. Plaintiff states that he "refused to take a plea to the charges without first listing to the CD of the MetroSafe 911 calls." According to Plaintiff, Defendant Chandler set case number 06CR3366 and case number 07CR3324 for the same date, November 14, 2008. Plaintiff states that "[t]he plan was Mark Chandler et. Al. refused to get the Eight Anonymous Complaints and the MetroSafe 911 CD for 10/7/2008 and 11/14/2008 Suppression Hearings, filed a motion to withdraw from the case in order to force Plaintiff into a plea on 11/14/2008 suppression hearing." Plaintiff states that "[a]fter firing former Attorney's Mark Chandler and Mark Miller Plaintiff hired new Attorney Bruce D. Prizant to defend Plaintiff in a motion to withdraw his guilty plea." Plaintiff states that his new attorney was able to "obtain the subpoenaed 911 CD that was already available in the clerks office and turned it over to Plaintiff on the same day." At some point not made clear, Plaintiff states that he entered a guilty plea to "one count of first degree trafficking in a controlled substance and one count of possession of drug paraphernalia" in case number 06CR3366 and the "indictment in case no. 07CR3324 . . . was Dismissed on 4/16/2009 just like Mark Chandler et. Al. planned." Plaintiff states that his motion to withdraw his guilty plea was denied on April 16, 2009.

    Plaintiff contends as follows:

    The Defendants has violated the following civil rights, Complaint (Title 42 U.S.C. Section 1983) 1, Claims Of Brady v. Maryland Violation 2, Claims Of Fabricating Evidence and Providing Fabricated Evidence. 3, Claims Of Conspiracy To Withhold Exculpatory Evidence Brady v. Maryland Violation.

4

> 4, Claims Of Discredited Identification Procedure. 5, Claims Of Invasion Of Privacy Violation of the Fourth Amendment of the United States Constitution and Section Ten of the Kentucky Constitution. 6, Claims of False Arrest and False Imprisonment Violation of the Fourth Amendment of the United States Constitution and Section Ten of the Kentucky Constitution. 7, Claims Of Excessive And Unreasonable Use Of Force Violation of the Fourth Amendment of the United States Constitution and Section Ten of the Kentucky Constitution.

He further contends that,

> On 11-14-2009 The defendant Mark Chandler violated Plaintiff Civil Rights under 42 U.S.C. 1983. The Defendant violated Plaintiff rights under, (1) Claims of Brady v. Maryland violation. (2) Claims of conspiracy to withhold Evidence Brady v. Maryland violation. On 11-14-2009 The defendants Assistant Commonwealth Attorney's Felicia Nu'Man and Sara Collins Glowgower violated Plaintiff Civil Rights under 42 usc 1983. The Defendants violated Plaintiff Constitutional rights under (1) Claims of Brady v. Maryland violation (2) Claims of Providing Fabricated Evidence. (3) Claims of conspiracy to withhold Evidence Brady v. Maryland violation.

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. §1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

*A. Federal Claims*

Plaintiff brings this action under 42 U.S.C. § 1983 which provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499-504 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual

6

statute [of limitations] for personal injury actions"); *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) ("The question of when the statute of limitations begins to run, however, is determined by federal law."). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action," and "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d at 273. In *Wallace*, the Supreme Court "specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). Further, Plaintiff's illegal search claim accrued on the date of the alleged illegal search. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) (finding that plaintiff's claims accrued on the date of the alleged illegal search and seizure).

Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir.

7

1988)); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (" [A] sua sponte dismissal of an in forma pauperis complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face.").

All the events about which Plaintiff complains occurred between 2005 and 2009. He states that on April 16, 2009, his attempt to withdraw his guilty plea based upon the alleged wrongful acts of Defendants was denied. He further alleges that Defendants Chandler, Nu'Man and Glowgower violated his civil rights on November 14, 2009.[1] Without deciding the date the statute of limitations began to run for each type of claim, it is clear that the last date that the statute of limitations began to run in this case was November 14, 2009. The Plaintiff filed the present action on March 17, 2014, well outside the one-year statute of limitations. Thus, this action is barred and will be dismissed by separate Order pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as being frivolous. *See Fraley v. Ohio Gallia Cnty.*, 1998 WL 789385 (finding that the district court correctly *sua sponte* dismissed the action under 28 U.S.C. § 1915(e)(2) as frivolous since it was obvious from the complaint that it was barred by the statute of limitations).

B. *State-Law Claims*

To the extent Plaintiff is bringing state-law claims, the Court declines to exercise supplemental jurisdiction over such claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has

---

[1] Plaintiff fails to state any event that occurred on November 14, 2009. However, he repeatedly refers to November 14, 2008, as the date of the suppression hearing. Plaintiff may have mistakenly put the year as 2009 rather than 2008. In any event, the outcome of this case remains the same.

8

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court will dismiss the federal claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the state-law claims and dismiss them without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Date:

cc: Plaintiff, *pro se*
      Defendants
4412.003